## EXTENT OF JURISDICTION UNDER CHANGE OF VENUE.

Circuit Court of Cuyahoga County.

FLOY MILLS v. ROBERT MILLS.

Decided, November 10, 1902.

*Jurisdiction—Effect of Change of Venue on Jurisdiction as to Existing Orders.*

By the transfer of a case from the court of common pleas of one county to the court of common pleas of another county, the court in the county to which the case is transferred acquires exclusive jurisdiction of all matters pertaining to the case, including the enforcement of the orders already made in the case, as well as the granting of new orders and final judgment.

*Walter C. Ong*, for plaintiff in error.
*L. Z. Tanney*, contra.

HALE, J.; CALDWELL, J., and MARVIN, J., concur.

An action was pending in the court of common pleas of this county by plaintiff against defendant for a divorce. Alimony *pendente lite* had been allowed and the defendant ordered to pay a certain amount to the plaintiff during the pendency of the action. After this order was made, the case was transferred by order of the court, under statute, to Medina county for trial and determination. Up to the time that the order was made transferring the case to Medina county, all instalments of alimony falling due had been paid; there was no default on the part of the defendant in payment of alimony at the time of the transfer. After the transfer, proceedings in contempt against the defendant were commenced in the court of common pleas of this county. The question is, whether actions for contempt can be maintained in this county after the transfer, for a violation of an order on the part of the defendant in the payment of alimony.

Very little light or aid can be gathered from any decisions that we have been able to find, or which have been cited to us. But, after consideration such as we have been able to give in

the case, we hold that, after the transfer by the court of common pleas of this county to the Court of Common Pleas of Medina County, exclusive jurisdiction of all matters pertaining to the case, as well the enforcement of the orders made as the granting of new orders and judgment, was transferred to the Court of Common Pleas of Medina County. That court had jurisdiction to modify, abrogate, or enforce the order for alimony *pendente lite* then existing. Disobedience of the order which existed at the time of the transfer, after the transfer was made, was a contempt of the court having the jurisdiction to enforce the order, that order virtually becomes the order of the court to which the case is transferred and that court has full jurisdiction over existing orders and over the case, to make further orders.

This, of course, does not deal with the phase of the case as if there had been a default to obey the order of the Court of Common Pleas of Cuyahoga County prior to the transfer. Nor do we undertake to controvert the proposition argued by counsel that proceedings in contempt are *quasi* criminal and, to an extent at least, independent of the case in which the order was made for the disobedience of which the party is in contempt.

This was the holding of the court of common pleas, and the result is the affirmance of that judgment.